UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRETT LESLIE | CIVIL ACTION NO. 17-cv-1316

VERSUS | JUDGE HICKS

CLINICAL REFERENCE LABORATORY | MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Brett Leslie ("Plaintiff") filed this civil action against four defendants. He alleges that the defendants are liable to him based on negligence, breach of contract, defamation, and other state law claims because of their actions taken in connection with drug testing of Plaintiff, who was employed as a railroad conductor. Plaintiff filed his complaint in federal court based on an assertion of diversity jurisdiction, which places the burden on him to set forth specific facts that establish complete diversity of citizenship. The Fifth Circuit has emphasized the need to establish citizenship with specificity at an early stage of the case. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017). Plaintiff's original complaint does not provide all necessary facts to meet his burden.

**Plaintiff** describes himself as a resident of Louisiana, but it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may

be a resident of more than one state, but he has only one legal domicile at a time, and it is that domicile that establishes his citizenship for diversity purposes.

Two of the defendants are **University Services** and **Clinical Reference Laboratory**. The complaint does not appear to specifically allege whether those defendants are corporations, partnerships, limited liability companies, or some other form of entity or association. It does allege that University Services is headquartered in Missouri and that CRL is headquartered in Kansas.

Plaintiff will need to allege with specificity the form of entity for each of those defendants. If either is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

If either of those defendants is a partnership, LLC, or other form of unincorporated entity or association, its citizenship is determined by the citizenship of all of its members; its state of organization or principal place of business are irrelevant. Harvey v. Grey Wolf

Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The final defendants are **Jasmine Richardson** and **Jerome Cooper, D.O.** The complaint alleges that Richardson was employed by University and that Cooper was employed by CRL, but it does not appear to allege the citizenship/domicile of either individual.

Plaintiff will need to file an amended complaint and attempt to meet his burden of establishing subject matter jurisdiction. The court will not at this time set a deadline for him to do so because he may need to gather information from defense counsel about the citizenship of the defendants. Federal Rule of Civil Procedure 4(m) requires that service be completed within 90 days of the filing of the complaint. Plaintiff is encouraged to do so more promptly so that he can establish communication with defense counsel and gather any necessary information to complete the citizenship allegations. Defense counsel are directed to cooperate in gathering the information needed to resolve this preliminary jurisdictional issue.

Federal Rule of Civil Procedure 15(a) governs the filing of amended complaints. If Plaintiff acts within the time allowed to do so as a matter of course, he may file the amended complaint on its own. If he allows that time to pass, he will have to file a motion for leave to amend complaint and comply with the federal and local rules that govern such matters.

Plaintiff should be interested in resolving this issue quickly because prescription is interrupted on a Louisiana tort claim by filing suit only if the court in which suit is filed is one of competent jurisdiction and venue. La. Civ. Code art. 3462. If this court must dismiss for lack of jurisdiction, prescription may not have been interrupted by the filing of the complaint. <u>Tally v. Lovette</u>, 332 So.2d 924 (La. App. 3rd Cir. 1976).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge